IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ehidiamhe Borha, | ) | C/A No.: 5:18-617-MGL-SVH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Sharanda Sumter; Smanthia | ) | |
| Jones; and Amazon.com.dedc, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Ehidiamhe Borha ("Plaintiff") filed this action in the Court of Common Pleas for Orangeburg County against Sharanda Sumter, Smanthia Jones, and Amazon.com.dedc, LLC ("Amazon") (collectively "Defendants"). Defendants removed the case to this court on March 6, 2018, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. [ECF No. 1]. This matter comes before the court on Plaintiff's motion to remand. [ECF No. 5]. The motion having been briefed [ECF No. 7], it is ripe for disposition.

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). For the following reasons, the undersigned recommends the district judge grant Plaintiff's motion to remand.

I.     Factual and Procedural Background

On January 9, 2017, Plaintiff filed a summons and complaint asserting state law claims against Defendants that was assigned Case No. 2017-CP-38-00031 ("*Borha I*"). [ECF No. 1-1]. Plaintiff served Defendants on February 6, 2017.

On June 6, 2017, Plaintiff filed a second complaint against Amazon, also in the Orangeburg County Court of Common Pleas that was assigned Case No. 2017-CP-38-00750 ("*Borha II*"). [ECF No. 1-18]. *Borha II* asserted federal employment discrimination claims. *Id.* Counsel for Amazon accepted service of the *Borha II* complaint on June 15, 2017. On July 11, 2017, Defendant Amazon filed in *Borha II* a Motion to Dismiss or, in the alternative, to consolidate *Borha II* with *Borha I*. [ECF No. 1-20].

On February 7, 2018, the state court heard arguments on outstanding motions in both *Borha I* and *Borha II*, including arguments on Defendants' motion to consolidate *Borha II* with *Borha I*. On February 27, 2018, the state court issued an order granting Defendants' motion to consolidate ("Consolidation Order") and ordered that the case number and caption in *Borha II* no longer be used. [ECF No. 1-27]. Defendants removed the consolidated action to this court on March 6, 2018. [ECF No. 1]. Defendants argue that removal is proper because they removed the case within 30 days of receipt of the Consolidation Order.

2

II.    Discussion

    A.    Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v.*

*Hunt*, 6:07-1763-HMH (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or

4

contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

B.     Analysis

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case may be filed in federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. *See Darcangelo v. Verizon*

*Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a district court may remand a case *sua sponte* or pursuant to a motion if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). Section 1446(b) continues:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Here, Defendants argue the Consolidation Order constitutes an order from which they could first ascertain *Borha I* had become removable. The following facts are undisputed:

- *Borha I* was not removable prior to February 27, 2018, the day the state court consolidated the actions, as it involves state law claims against non-diverse defendants.

6

- *Borha II* contained federal causes of action, and therefore was originally removable by June 15, 2017, when Amazon was served with the summons and complaint.

- Amazon chose not to timely remove *Borha II* within 30 days of service of the summons and complaint.

Therefore, it is undisputed that neither *Borha I* or *Borha II* were removable immediately prior to February 27, 2018. However, Defendants argue that because Consolidation Order added *Borha II*'s federal claims to *Borha I*, the consolidated case is now removable. The undersigned disagrees.

In support for its position, Defendants cite to the following out-of-circuit district court cases: *Cottman Transmission Sys., LLC v. Bence*, No. 03-5467, 2004 WL 98594, at *3 (E.D. Pa. Jan. 15, 2004); *Tonyco, Inc. v. Equity Mktg., Inc.*, No. 99-74995, 2000 WL 654957, at *3 (E.D. Mich. Apr. 25, 2000); and *Parkhill Produce Co. v. Pecos Val. S. Ry. Co.*, 196 F. Supp. 404 (S.D. Tex. 1961). However, a review of these cases reveals that they all involve the effect of a state consolidation on cases that were never independently removable.[1] Defendants have cited to no authority for the proposition that a state court consolidation order provides a new basis to remove federal claims for which the time to remove has expired. The undersigned notes that Defendants

---

[1] The cases all involve cases that became removable when the claims in separate cases were consolidated and therefore allowed the defendants to aggregate the amount in controversy sought to establish diversity jurisdiction.

7

argue that the consolidation order added federal claims to *Borha I* for the first time, rendering *Borha I* removable for the first time. However, such logic dictates that this court's jurisdiction hinged on whether the state court chose to retain the case number of *Borha I* or *Borha II*, as there is no question the consolidated case would not have been removable if *Borha I* had been consolidated into *Borha II*, instead of the reverse. The undersigned is not persuaded that this court's subject matter jurisdiction hinges on which state court case number is retained following a consolidation order. Additionally, the undersigned does not believe that Amazon should be rewarded for sitting on its rights and failing to timely remove the complaint containing federal claims within 30 days of service thereof. Defendants having failed to provide any authority to the contrary, the undersigned finds that Defendants have failed to meet their burden to establish jurisdiction and recommends Plaintiff's motion to remand be granted.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant Plaintiffs' motion to remand [ECF No. 5] and remand this matter to the Court of Common Pleas for Orangeburg County, South Carolina.[2]

---

[2] In light of this recommendation, Plaintiff's motion for an extension of time to file a reply [ECF No. 8] is rendered moot.

IT IS SO RECOMMENDED.

April 18, 2018                                 Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).